IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-CV-23903-KING

GLADYS SANCHEZ,

    Plaintiff,

vs.

SELECTIVE INSURANCE COMPANY OF
THE SOUTHEAST,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Defendant's Motion for Summary Judgment (the "Motion") (DE 23), filed July 9, 2015. Defendant moves for summary judgment on the basis that Plaintiff filed her Complaint (DE 1), which states a claim for breach of an insurance contract issued through the National Flood Insurance Program ("NFIP"), outside of the one-year statute of limitations provided for by 42 U.S.C. § 4072; 44 C.F.R. § 62.22(a); and 44 C.F.R. § 61, App. (A)(1), Art. (VII)(R). Plaintiff has failed to respond to the Motion, and the time to do so has passed.

### BACKGROUND

Defendant has established the following:[1] Selective Insurance Company of the Southeast ("Selective") issued Plaintiff a Standard Flood Insurance Policy ("SFIP")

---

[1] Where a party does not respond to the moving party's assertion of a properly supported fact, the Court considers the fact undisputed. *See* Fed. R. Civ. P. 56(c), (e); S.D. Fla. L. R. 56.1(a), (b).

1

insurance policy through the NFIP. On October 30, 2011, the insured property suffered damage due to flooding. Thereafter, Plaintiff made a claim with Selective for benefits under the policy, seeking $175,212.47 in covered damages. After adjusting Plaintiff's claim, Selective made a total payment of $43,555.80 to Plaintiff, and, on January 24, 2012, sent her a letter denying her claim for the remaining $131,656.67. Plaintiff filed the instant lawsuit on October 21, 2014.

## LEGAL STANDARD

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers or other materials; or showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* at 56(c)(1). "In determining whether summary judgment is appropriate, the facts and inferences from the facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine material fact and that it is entitled to judgment as a matter of law." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

In opposing a motion for summary judgment, the non-moving party may not rely

solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Further, the existence of a "scintilla" of evidence in support of the non-movant's position is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, a court need not permit a case to go to a jury when the inferences that are drawn from the evidence, and upon which the non-movant relies, are "implausible." *Matsushita*, 475 U.S. at 592-94; *Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996).

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. In making this determination, the Court must decide which issues are material. A material fact is one that might affect the outcome of the case. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* The Court must also determine whether the dispute about a material fact is indeed genuine, that is, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see, e.g., Marine Coatings of Ala., Inc. v. United States*, 932 F.2d 1370, 1375 (11th Cir. 1991).

## DISCUSSION

The SFIP issued to Plaintiff expressly states that all flood insurance policies are subject to the terms of the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001, *et seq.*, and the regulations found in Title 44 of the Code of Federal Regulations.[2] 44 C.F.R. § 61, App. A(1), Art. I. Therefore, Plaintiff is bound not only by the terms of the policy, but also by the terms of the applicable statutes and regulations. *Mussoline v. Morris*, 692 F. Supp. 1306 (S.D. Fla. 1987). Indeed, "[t]his policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq.*) and Federal common law." 44 C.F.R. § 61, App. A(1), Art. IX.

Specifically, § 4072 provides:

> . . . In the event the program is carried out as provided in section 4071 of this title, the director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, **within one year after the date of mailing of notice of disallowance or partial disallowance** by the director, may institute an action against the director on such claims in the United States District Court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072 (emphasis added). Further, 44 C.F.R. § 62.22(a), states:

> . . . the claimant **within one year after the date of mailing by the Federal Insurance Administration, the participating Write-Your-Own Company, or the servicing agent of the notice of disallowance or partial disallowance of the claim** may, pursuant to 42 U.S.C. 4072, institute an

---

[2] The SFIP is codified at 44 C.F.R. § 61, App. A(1)

4

action on such claim against the insurer only in the U.S. District Court for the district in which the insured property or the major portion thereof shall have been situated, without regard to the amount in controversy.

(emphasis added). And, the SFIP itself provides:

> R. Suit Against Us
> You may not sue to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you **must start the suit within one year after the date of the written denial of all or part of the claim**, and you must file the suit in the United States District Court of the district in which the covered property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

44 C.F.R. § 61, App. (A)(1), Art. (VII)(R) (emphasis added).

Plaintiff's claim was denied on January 24, 2012, and Plaintiff did not file this action until October 21, 2014. The plain language of the SFIP, and the applicable statutes and regulations, requires that suit be filed within one year of denial. Accordingly, Plaintiff's claims are untimely.

## CONCLUSION

Therefore, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant's Motion for Summary Judgment **(DE 23)** be, and the same is, hereby **GRANTED.**

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, in Miami, Miami-Dade County, Florida, this 12th day of August, 2015.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc: All counsel of record